**E-FILED**
Thursday, 07 May, 2009  09:09:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| EDDIE HARDWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   09-CV-1106 |
| | ) | |
| SUNBELT RENTALS, INC. and | ) | |
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS | ) | |
| LOCAL NO. 965, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant International Union of Operating Engineers Local No. 965 ("Union") (d/e 10) filed May 5, 2009, Defendant Union's Answer (d/e 12) and Response (d/e 13), both also filed May 5, 2009,  and Plaintiff's Reply (d/e 14) filed May 6, 2009, as well as Plaintiff's Motion to Strike the Answer of Defendant Union (d/e 15) also filed May 6, 2009.  The Court is proceeding with a Report and Recommendation as Plaintiff's Motion for Default Judgment (d/e 10) is dispositive in nature.

## BACKGROUND

On March 31, 2009, Plaintiff filed its Amended Complaint (d/e 4) adding Defendant Union.  Summons was issued as to Defendant Union on April 2, 2009, and was returned executed (d/e 8) on April 15, 2009 showing service on Defendant Union on April 13, 2009, with answer due May 4, 2009.  Defendant Union does not dispute service.  No answer was filed by Defendant Union on or before May 4, 2009.  One day later, on May 5, 2009, Plaintiff filed its Motion for Default Judgment (d/e 10).  Later that same day, Defendant Union filed its Answer (d/e 12) indicating that Defendant was defending the case, along with its Response to Motion for Default (d/e 13) with the explanation that Defendant Union's Chief Officer, Michael Zahn, has been suffering from serious health problems and he is the individual who would normally have addressed the litigation matters arriving at the Local Union's Office.

Under Rule 55(a), default isn't proper.  Defendant states that its Answer being one day late is the result of a good faith mistake and mis-communication. This Court sees no reason to believe that is not the case.

## ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion.  O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993).  Because a default judgment is a harsh

sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  <u>C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.</u>, 726 F.2d 1202, 1205 (7th Cir., 1984).  Herein, default has not been entered, merely a motion for entry of default judgment has been filed.  Defendant Union has already filed its answer.  The Defendant's failure to file a responsive pleading by May 4, 2009 has caused only a minimal (one day) delay herein.  The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

Herein, if default had been entered, the Defendant under these facts would have grounds to move to vacate default under Rule 60(b) as it has shown good cause for the default, quick action to correct it, and a meritorious defense.  See <u>Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.</u>, 925 F.2d 226, 229 (7th Cir., 1991).

## CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Motion for Default Judgment Against Defendant International Union of Operating Engineers Local No. 965 (d/e10)  be DENIED; that Plaintiff's Motion to Strike the Answer of Defendant (d/e 15) be DENIED; and that the Answer (d/e 12) filed May 5, 2009 be allowed to stand.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten (10) working days after service of this Report and Recommendation.  Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 7th day of May, 2009.

*s/ Byron G. Cudmore*

_____

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE