# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDDIE HARDWICK )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>SUNBELT RENTALS, INC. and   )<br>INTERNATIONAL UNION OF   )<br>OPERATING ENGINEERS   )<br>LOCAL NO. 965,   )<br>)<br>Defendants.   ) | No. 09-cv-1106 |

## O P I N I O N  &  O R D E R

Magistrate Judge Cudmore issued a Report and Recommendation (R&R) on May 7, 2009, recommending that the following motions be denied: (i) Plaintiff's motion for default judgment against Defendant International Union of Operating Engineers Local No. 965 ("Union") and (ii) Plaintiff's motion to strike Union's untimely Answer.  Plaintiff objected to the R&R on the same day it was issued.  For the reasons stated below, the R&R is ACCEPTED.

### BACKGROUND

Judge Cudmore set out the relevant facts in his R&R.  They are repeated here.  On March 31, 2009, Plaintiff Eddie Hardwick filed his First Amended Complaint, which added Union as a defendant in this litigation.  Plaintiff served Union with process on April 13, 2009.  Union's answer was due by May 4, 2009, but Union missed that deadline.  Wasting no time, on May 5, 2009, Plaintiff moved for

default judgment against Union. Later that same day, attorney Michael O'Hara entered his appearance on Union's behalf and immediately filed Union's Answer along with a response to Plaintiff's motion for default judgment. Arguing against an entry of default judgment, attorney O'Hara represented that Union's delay in answering the First Amended Complaint was due to an oversight by Union's President and Business Manager, Michael Zahn.[1] (Union's Resp. ¶¶ 2-3, 5). According to O'Hara, Mr. Zahn, who is responsible for addressing litigation matters that arrive at Union's offices, has been limited in availability due to a serious medical problem. On May 6, 2009, Plaintiff moved to strike Union's late Answer.

In his May 7, 2009 R&R, Judge Cudmore recommended that Plaintiff's motion for default judgment and motion to strike both be denied. Judge Cudmore pointed out that Union's default had not been entered at the time Plaintiff moved for default judgment. In addition, Judge Cudmore found no reason to believe that Union's late filing was anything other than a simple oversight attributable, at least in part, to Mr. Zahn's health problems.

## DISCUSSION

Because Plaintiff has objected to the R&R, the Court's review is de novo. See 28 U.S.C. § 636(b)(1)(C).

First, Plaintiff's counsel has confused the distinction between an entry of default and an entry of default judgment. As the Seventh Circuit Court of Appeals has made clear, "There are two stages in a default proceeding: the establishment of

---

[1] O'Hara states that Union "tendered the Amended Complaint to its legal counsel on . . . May 5, 2009 at 2:00 p.m." (Union's Resp. ¶ 4).

2

the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." In re Catt, 368 F.3d 789, 793 (7th Cir. 2004); see also Fed. R. Civ. P. 55(a)-(b). Although this Court, in its own research, has not located any decision by our Court of Appeals clarifying the exact procedure by which a default judgment is obtained, one district court in our Circuit has explained the process as follows:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

UMG Recordings, Inc. v. Stewart, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); see also Will-Burn Recording & Publ'g Co. v. Universal Music Group Records, 2009 WL 211082 (Jan. 26, 2009 S.D. Ala.) (collecting published district court decisions which indicate that entry of default and entry of default judgment are two separate steps that should not be combined into one step). As the district judge noted in Will-Burn, "The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment." 2009 WL 211082, at *1 (citing Virgin Records Am., Inc. v. Johnson, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006)).

Plaintiff's motion is entitled "Plaintiff's Motion For A Default Judgment Against Defendant, International Union Of Operating Engineers Local No. 965." Plaintiff filed this motion one day after Union's deadline to answer had passed,

3

despite the absence of an entry of Union's default.  Therefore, Plaintiff's motion for a default judgment against Union is denied as premature.

In substance, Plaintiff's "Motion For A Default Judgment" is really one requesting the entry of Union's default, i.e. establishing Union's liability.[2]  Plaintiff simply uses the term "default judgment" incorrectly as a substitute for the term "default."  Although Plaintiff's counsel certainly did his client no harm by applying (in substance, at least) for entry of Union's default one day after Union's answer was due, counsel is mistaken if he believes that his client is entitled to entry of the Defendant's default as a matter of course.  Entry of default is a form of sanction; it is a judicial tool, the use of which lies soundly within a district court's discretion.  See Sun v. Bd. of Trustees of Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007); O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394, 1398 (7th Cir. 1993); Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co., 582 F. Supp.2d 999, 1004 (N.D. Ill. 2008).  Entry

---

[2] Plaintiff's "Motion For A Default Judgment" ends with this paragraph:

> WHEREFORE, Plaintiff, Eddie Hardwick, moves the Court to enter a default judgment against Defendant, International Union of Operating Engineers Local No. 965, ruling that the Local Union has admitted all of the allegations of Counts I and III of the First Amended Complaint, determining that the Local Union has breached its duty to the Plaintiff of providing fair representation, and scheduling a hearing to prove the amount of damages and attorneys' fees to be entered against Defendant, International Union of Operating Engineers Local No. 965.

(Ptf.'s Mtn. For Def. J. at p. 3).  In cases (like this one) where the damages sought cannot be fairly described, in the language of Fed. R. Civ. P. 55(b)(1), as "a sum certain or a sum that can be made certain by computation," proof of damages must precede the entry of default judgment.  See Catt, 368 F.3d at 793; see also e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007).

4

of default is an especially harsh sanction that should be used "only in extreme situations . . . [as] a weapon of last resort." Sun, 473 F.3d at 811.

The circumstances here do not justify entry of Union's default. Union filed its Answer only one day late. The delay did not prejudice Plaintiff. Further, Union's counsel has provided a sufficient explanation for the delay and has ensured the Court that Union will not miss deadlines going forward.

Moving on to Plaintiff's motion to strike Union's Answer, Plaintiff points out that, before filing its Answer late, Union failed to request leave of Court to do so under Fed. R. Civ. P. 6(b)(1)(B). Although Plaintiff's observation appears to be correct, for purposes of efficiency, the Court will construe Union's response to Plaintiff's motion for default judgment as a Rule 6(b)(1)(B) motion for leave to file an untimely answer. The standard under Rule 6(b)(1)(B) is "excusable neglect." A finding of excusable neglect "extends to some cases in which the delay is caused by inadvertence, mistake, or carelessness." Lewis v. School Dist. # 70, 523 F.3d 730, 740 (7th Cir. 2008) (internal quotations omitted). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. For reasons already stated, the Court believes that the excusable neglect standard is satisfied under the facts here. Union's Answer may stand.

## CONCLUSION

The Court ACCEPTS Judge Cudmore's May 7, 2009 R&R (Doc. 18), as supplemented herein. Plaintiff's motion for default judgment (Doc. 10) is DENIED. Plaintiff's motion to strike (Doc. 15) is DENIED. The Court will allow Union's Answer to stand. This case is referred to Judge Cudmore for further pretrial proceedings.

ENTERED this <u>13th</u> day of May, 2009.

<u>s/ Joe B. McDade</u>
JOE BILLY MCDADE
United States District Judge
