## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDDIE HARDWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  09-cv-1106 |
| ) | |
| SUNBELT RENTALS, INC. and ) | |
| INTERNATIONAL UNION OF ) | |
| OPERATING ENGINEERS LOCAL NO. ) | |
| 965, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Bills of Costs (Docs. 66 & 67), Plaintiff's Objections to the Bills of Costs (Docs. 68 & 69), and Plaintiff's Motion to (1) Stay Awarding of Court Costs, (2) Stay Enforcement of any Court Costs Awarded, and (3) Waive the Requirement of any Supersedeas Bond, Pending Appeal (Docs. 70 & 71).  On June 18, 2010, the Court entered judgment in favor of Defendants on Plaintiff's suit to enforce an arbitration award, finding that Defendant International Union of Operating Engineers Local No. 965 did not breach its duty of fair representation toward Plaintiff, which finding controlled the outcome of the claim against both Defendants.  (Docs. 58 & 59).  Thereafter, Defendants filed their Bills of Costs, to which Plaintiff objects.  Defendants will be awarded their costs in this matter as explained below, and Plaintiff's Motion is denied.

Essentially, Plaintiff first contends that the Court is without jurisdiction to award costs to Defendants, as he has filed an appeal. Then, he asks for the Court to stay its award of costs to Defendants. Alternatively, in case the Court finds it has jurisdiction and decides against granting Plaintiff's request to stay the award of costs, Plaintiff asks the Court to stay the enforcement of the judgment pending the appeal, without requiring a supersedeas bond.

## MOTION TO STAY AWARD OF COSTS

In his Objections to the Bills of Costs, Plaintiff first asserts that the Court *cannot* rule on the Bills of Costs, as the Court was divested of jurisdiction to rule on them once he filed his appeal; he cites no authority for this proposition, which is incorrect. (Docs. 68 & 69). The Court is certainly not divested of jurisdiction to rule award costs simply because Plaintiff has filed an appeal. *See, e.g.*, *Kusay v. U.S.*, 62 F.3d 192, 194 (7th Cir. 1995) (While appeal is pending, "district court may address ancillary questions such as costs."); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994) ("a district court may award costs even while the substantive appeal is pending").

Plaintiff alternatively asserts that the Court has discretion to stay the award of costs pending the outcome of his appeal under Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8. (Doc. 71). Though both of these rules deal with a stay of a judgment's *enforcement*, not of the *entry* of the judgment itself, the Court assumes that it has discretion to stay the award of costs, but declines to

do so here.[1]  Plaintiff states that he has limited resources with which to pay a judgment for costs, that he has reasonable prospects for success on appeal, and that an attempt to execute a judgment against him "could result in unnecessary time and expense to all parties through garnishment and execution procedures," while the Defendants could be required to reimburse him if he is successful on appeal. (Doc. 70).  Plaintiff's reasons for requesting a stay of the Court's decision on costs are the same as those given for his request for a stay of enforcement of the costs award without a supersedeas bond, are more appropriately considered with respect to the enforcement of the costs judgment, and do not indicate to the Court what harm he would incur if the Court merely awards Defendants costs via the entry of an amended judgment; whether to stay enforcement of the amended judgment or to require a supersedeas bond if a stay of enforcement is granted are separate questions, which are taken up below.  Therefore, the Court denies Plaintiff's request to stay its decision to award costs to Defendants.

---

[1]  One of the two District Court cases cited by Plaintiff, which are both from other Circuits, deals with execution of the costs judgment and the supersedeas bond requirement, not with a stay on the award of costs itself, and is therefore inapplicable to the question of whether to stay the award of costs. *Dutton v. Johnson County Bd. of County Com'rs*, 884 F.Supp. 431, 435 (D.Kan. 1995).  In the other case, the court determined that "it would be a waste of judicial resources to resolve Plaintiff's objections to the proposed bill of costs and award such costs during the pendency of Plaintiff's appeal." *Kaw v. School Bd. of Hillsborough County, Fla.*, 8:07-cv-2222-T-33TGW, 2010 WL 2293193, *1 (M.D. Fla. June 8, 2010).  As Plaintiff here has required the expenditure of judicial resources to resolve his requests for stays, as well as his meritless objections to the Court's jurisdiction and the timeliness and format of the Bills of Costs, the Court finds that the additional amount of time required to resolve his substantive objections to the Bills of Costs is minor.

## AWARD OF COSTS

In his Objections to each of the Defendants' Bills of Costs, Plaintiff asserts that the Bills of Costs were untimely filed and that they fail to comply with 28 U.S.C. § 1924. (Docs. 68 & 69). First, Plaintiff asserts that judgment was entered on June 17, 2010, and that the July 2, 2010 Bills of Costs were thus filed 15 days after entry of judgment. The Court notes that the judgment was dated and stamped June 17, but was e-filed on June 18 by the Clerk of the Court. (Doc. 59). This discrepancy is of no moment, however. Though Plaintiff does not cite to authority for his contention that the Bills of Costs were untimely after 14 days, the Court assumes that he relies on the statement in Federal Rule of Civil Procedure 54(d)(1) that "[t]he clerk may tax costs on 14 days' notice." However, under this Court's Local Rule 54.1, a prevailing party's Bill of Costs is to be filed within 30 days after entry of judgment. Therefore, no matter which date the judgment was entered, Defendants' Bills of Costs were timely filed.

In addition, Plaintiff asserts that each Bill of Costs

> fails to attach an affidavit as required by 28 U.S.C. § 1924. Alternatively, although the Bill of Costs form contains a declaration at the bottom of the first page, with an electronic signature, the declaration, if accepted as the affidavit required by 28 U.S.C. § 1924, fails to specifically reference each item of claimed expense, but states only generally that the "foregoing costs are correct and necessarily incurred."

(Docs. 68 at 1 & 69 at 1). This argument is without merit. As Defendants point out, their Bills of Costs were submitted on the form required by Local Rule 54.1, form AO 133. This form contains an itemization of each type of cost claimed, as well as a Declaration, made under penalty of perjury, that the claimed "costs are correct and

were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." The Declaration suffices as the affidavit required by § 1924, and, as explained by Judge McCuskey (now Chief Judge) of this District, the averment on this form that "the costs were actually and necessarily performed" is not "too conclusory to support an award," so long as the prevailing party's "attachments show clearly the nature and amount of each charge." *Farella v. Hockaday*, 304 F.Supp.2d 1076, 1082 (C.D. Ill. 2004).

Federal Rule of Civil Procedure 54(d)(1) provides that costs are to be granted to a prevailing party. The costs recoverable under Rule 54(d) are listed in 28 U.S.C. § 1920, which provides that a prevailing party may recover

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See also Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) ("The Supreme Court has determined that 28 U.S.C. § 1920 defines the term "costs" as it is used in Rule 54(d)."). These categories of costs also include "deposition costs (including transcripts) as well pretrial and trial transcript costs…[, c]opying costs…[, and t]ravel costs." *Id.* at 945-46.

I.       **Objections to Defendant Sunbelt's Bill of Costs**

In its Bill of Costs, Sunbelt seeks an award of $6,500.63 in costs for court filing fees, service of summons and subpoena, transcripts obtained for use in the case, witnesses, and photocopies. (Doc. 66 at 1). Each of these is broken down into detailed itemizations, with supporting documentation. (Doc. 66 at Itemization, Exs. A-E). Plaintiff has three objections to Sunbelt's Bill of Costs, which are discussed below. Other than these three, Plaintiff makes no other objections, and the Court finds that the unobjected-to costs were reasonable and necessary, and will award Sunbelt $350 in court costs and $110.11 in witness fees.

A.       **Copying expenses**

Plaintiff objects, without further elaboration, that Sunbelt's claim of $1,123.55 for copying expense "is excessive, and not justified." (Doc. 69 at 2). All of Sunbelt's copying expenses were billed at $.15 per page. *See Bosch v. Ball-Kell*, 03-1408, 2007 WL 2994085, *3 (C.D. Ill. Oct. 11, 2007) (copying costs of up to $.20 are reasonable). Sunbelt's breakdown of these copying expenses reveals that they were incurred in producing or obtaining documents in discovery, making copies of the other parties' discovery production, providing exhibits for depositions, and making copies of depositions for witnesses to review. (Doc. 66, Ex. E). These expenses account for $948.30 of Sunbelt's copying fees.[2] The Court finds that these expenses are reasonable and necessary.

---

[2]     This figure excludes the $50 for copying paid to Plaintiff's later employer, Washington Group International, which is dealt with in connection with Plaintiff's next objection.

6

Another $111 in copying expenses resulted from Sunbelt's copies of Plaintiff's motion to add additional defendant, Magistrate Judge Cudmore's Report & Recommendation and Plaintiff's Objections to it, and copies related to the parties' summary judgment filings. (Doc. 66, Ex. E). The Court questions the copying of 153 pages related to Plaintiff's motion to add an additional defendant and 76 pages for the Report & Recommendation and Plaintiff's Objections to it, as the documents filed with the Court only amounted to four and 12 pages, respectively. Even allowing for two copies of each document, the total for these copies, at $.15 per page, should only be $4.80. As Sunbelt does not explain why so many copies were required of these documents, the Court will allow only $4.80 in copying expenses related to these two filings. On the other hand, Sunbelt requests only $76.65 (511 pages at $.15 per page) in copying costs for the summary judgment motions, which amounted to more than 1,000 pages of filings with the Court. The Court finds that Sunbelt's expenditure of $76.65 for copies related to the summary judgment motions is reasonable and necessary.

The final $14.25 in copying expenses results from Sunbelt's copying of certain cases cited by Plaintiff. Sunbelt provides no explanation as to why it needed to make 95 pages of copies of these cases, which are apparently related to a demand for attorney's fees, but of no other cases. This lack of explanation undercuts the Court's ability to find that it was reasonable and necessary for these cases to be copied. Further, there is no indication that expenses for copies of caselaw should be recoverable, as they are more akin to legal research than to costs. *See Thomas v. City of Peoria, Ill.*, 06-cv-1018, 2009 WL 4591084, *2 (C.D. Ill. Dec. 3, 2009)

(explaining that costs for legal research are only recoverable as part of attorney's fees award).

Thus, the Court awards $1029.75 in copying expenses to Sunbelt, excluding the records from Plaintiff's later employers, which are discussed below.

### B. Costs of Obtaining Records from Plaintiff's Other Employers

Sunbelt claims $170 for service of summons and subpoena to Truck Centers, Inc., and Washington Group International, Inc., which were Plaintiff's employers after he left Sunbelt's employ, as well as $50 in copying expenses for the production by URS Washington Division of subpoenaed documents related to Plaintiff's employment there. Plaintiff objects that these are not justified, as they "were not relevant to the summary judgment issues." Sunbelt responds that it obtained records from these employers in order to determine its potential liability for damages to Plaintiff.

The Court finds that the costs related to obtaining records from Plaintiff's later employers are reasonable and necessary, as they would be an important part of determining the effect of determining Plaintiff's damages on his claim for backpay; Sunbelt's potential damages exposure would be essential information in determining whether to proceed with summary judgment or to seek settlement. In determining the amount of backpay to which Plaintiff might have been entitled if he had prevailed, it would be necessary to take the effect of his mitigation of damages into account, which would entail discovering his efforts at mitigation and his income from these later employers. Though Sunbelt did not cite these figures to the Court in relation to the summary judgment motions, as such citation would have been

unnecessary to the Court's determination of the summary judgment issues, there is no rule that all evidence obtained must be cited to the Court in order to be necessary to a party's litigation of a case. Both the $170 in costs for serving the subpoenas and the $50 for copies to URS Washington Division were necessary and reasonable, and will be awarded to Sunbelt.

C. **Costs for Deposition Transcripts**

Finally, Plaintiff objects to Sunbelt's claimed costs to obtain deposition transcripts, as "[t]he vast majority of the deposition pages were not used in presenting the summary judgment motions;" Plaintiff makes no argument that the price paid for the transcripts was unreasonable. (Doc. 69 at 2). This objection is, simply put, absurd. Each of the depositions for which a transcript was obtained by Sunbelt was from a person identified by Plaintiff in his Rule 26 Disclosure Statement as having discoverable information. In addition, Sunbelt referenced each of the depositions in its Motion for Summary Judgment, and the Court referenced each in the Order & Opinion granting summary judgment in Defendants' favor. (Docs. 29 & 58).

It is unreasonable to contend that Sunbelt did not need to obtain the entirety of each transcript in order to use them in support of the summary judgment motions. Plaintiff does not explain how a party is to cite to individual pages of a transcript without having the context of the entire transcript available. Further, § 1920(2) provides that costs for "transcripts necessarily obtained *for use in the case*" (emphasis added) are recoverable, not that only expenses for those specific transcript pages that are cited in the motion disposing of the case are recoverable.

9

The Court finds that it was reasonable and necessary for Sunbelt to obtain the transcripts of each of the depositions obtained in the case, and will award the $4,746.97 Sunbelt seeks for deposition transcripts. *See, e.g., Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition").

The Court will therefore award Sunbelt $6,456.83 in costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920.

## II.    Objections to Defendant Union's Bill of Costs

The Union claims only $3,570.43 in costs, representing fees for deposition transcripts. Plaintiff objects, as he did in regard to Sunbelt's claim of costs for deposition transcripts, that "[t]he vast majority of the deposition pages were not used in presenting the summary judgment motions." (Doc. 68 at 2). For the reasons discussed above, Plaintiff's objection on this point is overruled and the Court awards the Union $3,570.43 in costs.

### MOTION TO STAY ENFORCEMENT OF COSTS JUDGMENT WITHOUT REQUIRING A SUPERSEDEAS BOND

The Court now turns to Plaintiff's request for a stay of enforcement of the costs judgments against him, and a waiver of the usual requirement of a supersedeas bond for the amount of the judgment. (Docs. 70 & 71). As noted above, Plaintiff's reasons for requesting a stay of enforcement of the costs judgment are that he has limited resources with which to pay a judgment for costs, that he has reasonable prospects for success on appeal, and that an attempt to execute a judgment against him "could result in unnecessary time and expense to all parties

through garnishment and execution procedures," while the Defendants could be required to reimburse him if he is successful on appeal. (Doc. 70).

The Seventh Circuit considered a request by the City of Chicago to stay the enforcement of a judgment (for both damages and costs) without requiring a supersedeas bond in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). Under 62(d), a losing party who appeals can "obtain an automatic stay of execution of judgment pending appeal by posting a bond. In the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement." *Id.* at 904 (*citing Northern Indiana Public Service v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir. 1986)). Here, Plaintiff wishes to obtain a stay, but avoid the bond requirement; the Court's action is thus not "automatic." The cost of a bond is typically one percent of the stayed judgment; in this case, that would be $100.27. *Northern Indiana Public Service*, 799 F.2d at 281; *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986).

There are a number of factors the Court is to consider when determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the [judgment debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money;" and (5) whether the [judgment debtor] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [judgment debtor] in an insecure position.

*Dillon*, 866 F.2d at 904-05 (*citing Northern Indiana Public Service*, 799 F.2d at 281; *Lightfoot*, 797 F.2d at 506; *quoting Olympia Equipment v. Western Union Telegraph*

11

*Co.*, 786 F.2d 794, 796 (7th Cir. 1986). In *Dillon*, the court found that a waiver of the bond requirement was appropriate, because the City of Chicago had the funds to pay the judgment, and had in place a process by which the judgment would be paid quickly following the appeal. *Id.* at 905. Thus, the first four factors were in favor of the City's request for a waiver. Similarly, in *Northern Indiana Public Service*, the Seventh Circuit upheld the district court's waiver of the bond requirement because the losing party was a public utility that had ample resources with which to pay the judgment and that was unlikely to hide its assets to prevent execution. 799 F.2d at 281. On the other hand, in *Lightfoot*, the Seventh Circuit found that the District Court did not abuse its discretion in refusing to stay the execution of a judgment without a bond on the basis of the District Court's finding that the "procedure for collecting a judgment from the State of Illinois is cumbersome and uncertain," as well as "uncertain in outcome, since the judgment cannot be paid unless and until the state legislature votes to appropriate the money necessary to pay it." 797 F.2d at 506. The court noted that

> [t]he philosophy underlying Rule 62(d) is that a [party] who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the [losing party] takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty but in appropriate cases alternative forms of security are allowed.

*Id.* at 506-07.

Here, Plaintiff has not shown that he should be exempted from the requirement to post a bond for the judgment, and he does not propose any alternative form of security for the Court to consider. Unlike the judgment debtors in *Dillon* and *Northern Indiana Public Service Co.*, he has not shown that he will be

able to quickly pay the judgment following the appeal, that he will have funds available to pay the judgment, or that his ability to pay is so plain that it would be a waste of money to post a bond. Indeed, Plaintiff's assertion of financial hardship undercuts his position on each of these factors. Moreover, he presents no evidence that the bond requirement will place his other creditors in an insecure position; he does not even relate whether he was successful with any attempt to secure a bond prior to putting his motion before the Court (as noted above, the cost of a bond is typically a mere 1% of the judgment).

The Court finds that Plaintiff cannot receive a stay of execution of the judgment for costs pending his appeal without providing a bond. The execution of the judgment is currently stayed, in the Court's discretion, for 28 days from the date of this order. If Plaintiff posts a bond for the full amount of the judgment within 28 days of the date of this order, the execution of the judgment will be automatically stayed pending the outcome of his appeal. If he does not post a bond within 28 days, the execution of his judgment will proceed.

IT IS THEREFORE ORDERED:

1.   Defendant Sunbelt Rentals, Inc. is awarded $6,456.83 in costs.

2.   Defendant International Union of Operating Engineers Local No. 965 is awarded $3,570.43 in costs.

3.   The Clerk is directed to prepare an amended judgment against Plaintiff, awarding $6,456.83 in costs to Defendant Sunbelt Rentals, Inc. and $3,570.43 in costs to Defendant International Union of Operating Engineers Local No. 965.

4.     Plaintiff's Motion to (1) Stay Awarding of Court Costs, (2) Stay Enforcement of any Court Costs Awarded, and (3) Waive the Requirement of any Supersedeas Bond, Pending Appeal (Doc. 70) is DENIED.

5.     The execution of the amended judgment is stayed for 28 days from the date of this order.

6.     Within 28 days of the date of this order, Plaintiff may post a bond in the full amount of the judgment, in which case the judgment's execution will be stayed pending the outcome of his appeal. If Plaintiff fails to post a bond within 28 days, the judgment will be executed.


Entered this <u>16th</u> day of August, 2010.


                                                                  s/ Joe B. McDade
                                                               JOE BILLY McDADE
                                       United States Senior District Judge